NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

06-3241

DEBRA J. ROACH,

Petitioner,

v.

DEPARTMENT OF DEFENSE,

Respondent.

_____

DECIDED:  December 7, 2006

_____

Before MICHEL, <u>Chief Judge</u>, LOURIE and PROST, <u>Circuit Judges</u>.

PER CURIAM.

Debra J. Roach petitions for review of the final decision of the Merit Systems Protection Board (the "Board") sustaining the decision of the Department of Defense ("the agency") to suspend her for 120 days.  <u>Roach v. Dep't of Def.</u>, No. AT-0752-05-0285-I-1 (M.S.P.B. Sept. 27, 2005).  Because substantial evidence supports the Board's decision, we <u>affirm</u>.

## BACKGROUND

Roach was employed as a Civilian Pay Technician, GS-6, by the Defense Finance and Accounting Service in Charleston, South Carolina.  On October 21, 2004, Roach's supervisor proposed to remove Roach based on four charges: (1) disrupting a meeting on August 20, 2004, (2) insubordination on September 1, 2004, (3) making

false accusations against a supervisor on September 1, 2004, and (4) making statements that created anxiety and disruption in the workplace on September 1 and 2, 2004. On December 14, 2004, the deciding official sustained the four charges but reduced her penalty to a 120-day suspension, which was effective December 20, 2004.

Roach appealed the agency's decision to the Board, and the Board sustained the agency's decision to suspend her for 120 days. With regard to the first charge, the Administrative Judge ("AJ") thoroughly discussed the testimony and then concluded that the agency proved by preponderant evidence that Roach disrupted a meeting between a director and a union official. Regarding the second charge, based on the credible testimony of various employees, the AJ concluded that Roach's supervisor calmly asked Roach to meet with her, and Roach failed to obey that order. The AJ also concluded that Roach failed to obey a director's order not to call 911 when there was no threat of physical endangerment. Accordingly, the AJ held that the agency proved by preponderant evidence that Roach was insubordinate on two occasions on September 1, 2004. Regarding the third charge, based on testimony and credibility determinations, the AJ determined that the agency proved by preponderant evidence that Roach intended to make false allegations against her supervisor. With regard to the fourth charge, the AJ found that Roach's statements on September 1 and 2, 2004 caused anxiety and disruption in the workplace.

The AJ considered Roach's affirmative defenses, harmful error and retaliation for protected union activity, and found that Roach failed to prove these defenses by a preponderance of the evidence. Finally, the AJ considered the reasonableness of the

penalty imposed and found that the 120-day suspension was within the bounds of reasonableness.

The initial decision became the final decision of the Board. See 5 C.F.R. § 1201.113. Roach timely appealed to this court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003). A Board decision is unsupported by substantial evidence when it lacks "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Matsushita Elec. Indus. Co. v. United States, 750 F.2d 927, 933 (Fed. Cir. 1984) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 299 (1938)).

Roach argues that the Board erred in several of its credibility determinations and that several witnesses misrepresented material facts. Roach also contends that the Board failed to consider and give weight to various new evidence presented to the Board. Roach further asserts that the Board "incorrectly interpreted the negotiated agreement and denied Roach due process." Finally, Roach contends that her 120-day suspension was unreasonable.

The government responds that the AJ's factual determinations are supported by substantial evidence and that the AJ's credibility determinations were not in error. The government contends that the AJ specifically addressed conflicting testimony in reaching its decision. The government also responds that the penalty imposed upon Roach was reasonable for all four charges in light of her intentional and malicious behavior.

We agree with the government that substantial evidence supports the Board's determination and that that decision was in accordance with the law. An AJ's credibility determinations are "virtually unreviewable" on appeal. Blank v. Dep't of the Army, 247 F.3d 1225,1228 (Fed. Cir. 2001). Here, the AJ thoroughly considered and credited the testimony, such as the supervisor's testimony, because it was corroborated by testimony of three witnesses. We see no error in the AJ's credibility determinations.

Roach argues that she was improperly found to have disobeyed an order when she was conducting union activities on official time and when she requested to be represented by the union. The AJ addressed that argument and determined that Roach was required to obey her supervisor's order unless doing so would place her in a clearly dangerous situation. Because there was no such showing, the AJ determined that Roach's statements and conduct demonstrated her intent to refuse to follow a valid order. The evidence in the record, such as testimony by various witnesses, supports the AJ's determination that Roach refused to obey an order.

Roach also argues that the Board erred when it did not state in its final order whether it gave any weight to new evidence. In a letter dated February 10, 2006, after the AJ's initial decision, Roach notified the Board that there was "new evidence"

06-3241                           4

consisting of a copy of a police report that establishes that the 911-call was made at 2:30pm. Roach contends that this new information undermines testimony in which the supervisor and director indicated a different time as to when the confrontation and subsequent 911-call were made. In its final order, the Board stated that it grants petitions for review of the AJ's decision only when "significant new evidence is presented to us that was not available for consideration earlier." The Board then concluded that there was no such evidence in this case. Even though the Board may not have expressly referenced the tardy new piece of evidence, its conclusion denying a petition for review reflects that the Board considered it and declined to find that it altered the AJ's decision or that it declined to consider it because of its late submission. We do not see error in the Board's decision.

Finally, Roach contends that her penalty was excessive and was inconsistent with other penalties imposed on "similarly situated employees." Roach contends that the government is "well aware who the employee is." However, the evidence of a similarly situated employee was not in the record before the AJ, and thus we cannot consider it. We defer to the agency's choice of penalty unless it is "so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion." Zingg v. Dep't of Treasury, 388 F.3d 839, 843 (Fed. Cir. 2006) (citation omitted). In light of Roach's twenty-seven years of federal and military service and no prior documented offenses, the agency reduced her penalty from removal to a 120-day suspension. The AJ determined that the penalty was within the bounds of reasonableness for the sustained misconduct. The agency's choice of penalty, the

120-day suspension, does not amount to an abuse of discretion for the four sustained charges of misconduct.

We have considered the other arguments and find them unpersuasive. Because the Board's decision is supported by substantial evidence and is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law, we affirm.